UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA        :
                                   :
        - v -                  :    09 Cr. 442 (WHP)
                                   :
YUSUF ABDUR RAHMAN,           :
      a/k/a "Jamal Smalls,"     :
      a/k/a "John Fitzgerald    :
          Presley,"           :
                                   :
              Defendant.     :
                                   :
- - - - - - - - - - - - - - - - - -x

## JOINT REQUESTS TO CHARGE

PREET BHARARA
United States Attorney for the
Southern District of New York,
Attorney for the United States
     of America

RACHEL P. KOVNER
Assistant United States Attorney
     - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :
                                    :
          - v -                     :   09 Cr. 442 (WHP)
                                    :
YUSUF ABDUR RAHMAN,                 :
     a/k/a "Jamal Smalls,"          :
     a/k/a "John Fitzgerald         :
          Presley,"                 :
                                    :
               Defendant.           :
                                    :
- - - - - - - - - - - - - - - - - - x
```

<u>JOINT REQUESTS TO CHARGE</u>

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the following in its instructions to the Jury.[*]

---

[*] Defense counsel has proposed Request 40, concerning statements of the defendant.  The Government has proposed the remaining requests.  To date, the Government has not heard objection to its proposed requests from defense counsel.

TABLE OF CONTENTS

TABLE OF CONTENTS

REQUEST NO.

1    General Requests                                          1

2    Summary Of The Indictment                                 2

3    Multiple Counts One Defendant                             4

4    Count One: Health Care Fraud: The Statute
     And The Indictment (18 U.S.C. § 1347)                     5

5    Count One: Health Care Fraud: The Elements
     Of The Offense                                            7

6    Count One: Health Care Fraud: First Element --
     Existence Of A Scheme Or Artifice To Defraud              8

7    Count One: Health Care Fraud: Second Element --
     Knowing and Willful Participation In Scheme
     With Intent To Defraud                                   15

8    Count One: Health Care Fraud:                            20
     Entitlement Not A Defense

9    Count One: Health Care Fraud: Good Faith
     Defense (If Applicable)                                  22

10   Count One: Health Care Fraud: Third Element --
     Scheme Related To Delivery Of Or Payment
     For Health Care Benefits                                 24

11   Count Two: Access Device Fraud
     The Statute and the Indictment
     (18 U.S.C. § 1029(a)(5))                                 25

12   Count Two: Access Device Fraud
     The Elements of the Offense                              26

13   Count Two: Access Device Fraud
     First Element -- Existence of Access Device              27

14   Count Two: Access Device Fraud
     Second Element -- Use of Access Devices
     Issued to Another Person                                 28

i

15   Count Two: Access Device Fraud
     Third Element -- Obtained Item of Value                    29

16   Count Two: Access Device Fraud
     Fourth Element -- Mens Rea                                 31

17   Count Two: Access Device Fraud
     Fifth Element -- Interstate Commerce                       32

18   Count Three: Obtaining a Controlled Substance
     By Misrepresentation, Fraud, Forgery, Deception
     Or Subterfuge -- The Statute and the
     Indictment (21 U.S.C. § 843(a)(3))                         34

19   Count Three: Obtaining a Controlled Substance
     By Misrepresentation, Fraud, Forgery, Deception
     Or Subterfuge -- The Elements of the Offense               35

20   Count Three: Obtaining a Controlled Substance
     By Misrepresentation, Fraud, Forgery, Deception
     Or Subterfuge -- First Element: Knowing or
     Intentional Acquisition                                    37

21   Count Three: Obtaining a Controlled Substance
     By Misrepresentation, Fraud, Forgery, Deception
     Or Subterfuge -- Second Element: Acquisition
     By Misrepresentation, Fraud, Forgery,
     Deception or Subterfuge                                    39

22   Count Four: Aggravated Identity Theft
     The Statute and the Indictment
     (18 U.S.C. § 1028A)                                        40

23   Count Four: Aggravated Identity Theft
     The Elements                                               41

24   Count Four: Aggravated Identity Theft
     First Element: Transferred, Possessed, or
     Used Means of Identification of Another Person             42

25   Count Four: Aggravated Identity Theft
     Second Element: Transfer, Possession, or Use
     During and In Relation to Enumerated Offense               44

26   Court Four: Aggravated Identity Theft
     Third Element: Defendant Acted Knowingly and
     Without Lawful Authority                                   46

27    Aiding And Abetting/Willfully Causing
      Crimes Of Health Care Fraud,
      Access Device Fraud, and Aggravated
      Identity Theft                                    48

28    Conscious Avoidance (if Applicable)               53

29    Venue                                             55

30    Variance In Dates                                 57

31    Persons Not On Trial                              58

32    Defendant's Right Not To Testify
      (If Requested By The Defense)                     59

33    Defendant's Testimony (Requested Only             60
      If Defendant Testifies)

34    Character Testimony (If Applicable)               61

35    Particular Investigative Techniques Not
      Required (If Applicable)                          62

33    Expert Testimony                                  63

34    Similar Acts Evidence                            65

35    Uncalled Witness: Equally Available To
      Both Sides (If Applicable)                        67

36    Use Of Evidence Obtained Pursuant To Search       68

37    Stipulations                                      69

38    Charts And Summaries: Admitted As Evidence        70

39    Charts And Summaries: Not Admitted As
      Evidence (If Applicable)                          71

40    Statement By the Defendant                        73

41    Sympathy: Oath as Jurors                          75

42    Conclusion                                        77

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Indictment Not Evidence

c.   Statements of Court and Counsel Not Evidence

d.   Rulings on Evidence and Objections

e.   Burden of Proof and Presumption of Innocence

f.   Reasonable Doubt

g.   Government Treated Like Any Other Party

h.   Definitions and Examples of Direct and Circumstantial Evidence

i.   Inferences

j.   Credibility of Witnesses

k.   Right to See Exhibits and Have Testimony Read During Deliberations

l.   Jury's Recollection Controls

m.   Punishment Is Not to Be Considered by the Jury

n.   Verdict of Guilt or Innocence Must Be Unanimous

<u>REQUEST NO. 2</u>

<u>Summary of the Indictment</u>

Defendant Yusuf Abdur Rahman is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains four counts or charges.  Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges.  Therefore, I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment.  Then I will explain in detail the elements of each offense.

Count One of the Indictment charges that the defendant committed health care fraud by obtaining Medicaid benefits to which he was not entitled.

Count Two charges that the defendant committed access device fraud by using New York State Benefit Identification Cards of other individuals in order to obtain Medicaid benefits.

Count Three charges that the defendant obtained medications containing the controlled substances oxycodone and hydromorphone by misrepresentation, fraud, forgery and subterfuge by providing forged information and forged documents to pharmacies, physicians, and physician's assistants.

Count Four charges that the defendant committed aggravated identity theft by using means of identification

2

belonging to other persons in order to commit the crimes of health care fraud and access device fraud charged in Counts One and Two.

REQUEST NO. 3

Multiple Counts -- One Defendant

The Indictment contains a total of four counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.


Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-6.

4

REQUEST NO. 4

Count One: Health Care Fraud
The Statute and the Indictment (18 U.S.C. § 1347)

Count One of the Indictment charges the defendant,
Yusuf Abdur Rahman, with violating Title 18, United States Code,
Section 1347, the health care fraud statute.  That statute
provides, in relevant part:

> Whoever knowingly and willfully executes, or
> attempts to execute, a scheme or artifice --
> (1) to defraud any health care benefit
> program; or (2) to obtain, by means of false
> or fraudulent pretenses, representations, or
> promises, any of the money or property owned
> by, or under the custody or control of, any
> health care benefit program, in connection
> with the delivery of or payment for health
> care benefits, items, or services [shall be
> guilty of a crime].

In this case, the defendant Yusuf Abdur Rahman is charged
with executing and attempting to execute (a) a scheme to defraud
a health care benefit program and (b) a scheme to obtain funds
from that health care benefit program.

Although the Indictment charges the defendant with a scheme
or artifice to defraud and a scheme or artifice to obtain money
by means of false or fraudulent pretenses, representations and
promises, the Government must prove beyond a reasonable doubt
that the defendant did only one of these.  That is, the
Government needs to prove that the defendant devised, caused to
be devised, or participated in, a scheme or artifice either to

5

defraud a health care benefit program <u>or</u> to obtain money from such programs by means of false or fraudulent pretenses, representations, or promises.  The Government need not prove both.

Of course, your determination as to whether the defendant devised, caused to be devised, or participated in a scheme or artifice to defraud a health care benefit program <u>or</u> to obtain money from such program by means of false or fraudulent pretenses – or did both – must be unanimous in terms of the type of scheme undertaken.

> Adapted from the charge of the Honorable William H. Pauley III in <u>United States</u> v. <u>Koriakov</u>, 03 Cr. 201 (S.D.N.Y. 2004) and from Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, 44-10 & Comment at p. 44-57 (2009) ("engaging in a scheme to defraud, and . . . engaging in a scheme to obtain money or property by making false statements, promises or representations" are "separate crimes, and . . . the . . .jury charge should carefully delineate" between the two).

<u>REQUEST NO. 5</u>

Count One: Health Care Fraud
<u>The Elements of the Offense</u>

In order to sustain a charge of health care fraud against the defendant, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: That at or about the times alleged in the Indictment, there was <u>either</u> a scheme or artifice: (a) to defraud a health care benefit program; or (b) to obtain, based on false or fraudulent pretenses, representations, or promises, money or property under the custody or control money of a health care benefit program.

<u>Second</u>: That the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud or to obtain money or property based upon false or fraudulent pretenses, representations, or promises with knowledge of its fraudulent nature and with specific intent to defraud.

<u>Third</u>: That the scheme was conducted in connection with the delivery of, or payment for, health care benefits, items, or services.

> Adapted from the charge of the Honorable
> William H. Pauley III, <u>United States</u> v.
> <u>Koriakov</u>, 03 Cr. 201 (S.D.N.Y. 2004) and from
> Sand <u>et al.</u>, <u>Modern Federal Jury</u>
> <u>Instructions</u>, Instr. 44-14 (2009); <u>see also</u>
> <u>United States</u> v. <u>Rodolitz</u>, 786 F.2d 77, 80
> (2d Cir. 1986) (discussing elements of
> analogous mail fraud statute).

<u>REQUEST NO. 6</u>

Count One: Health Care Fraud
<u>First Element -- Existence of a Scheme or Artifice to Defraud</u>

The first element the Government must prove beyond a reasonable doubt is that there was <u>either</u> a scheme or artifice to defraud a health care benefit program, <u>or</u> a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations or promises.  As I stated earlier, the Government must prove the existence of either type of scheme; it need not prove both to satisfy the first element of the health care fraud statute.  One is sufficient.  In addition, I instruct you as a matter of law that Medicaid constitutes a "health care benefit program," as that term is used in the statute.

Now, let me first address the Government's burden in establishing the existence of a scheme or artifice to defraud. A "scheme or artifice" is simply a plan for the accomplishment of an object.  "Fraud" is a general term which embraces all ingenious efforts and means that individuals devise to take advantage of others.  The advantage sought must involve money, property, or other thing of value.  A "scheme to defraud" is merely a plan to obtain something of value by trick, deceit, deception or swindle.

You may find the existence of such a scheme if you find that the defendant conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in

8

the general business life of members of society.

> Adapted from the charge of the Honorable
> William H. Pauley III, <u>United States</u> v.
> <u>Koriakov</u>, 03 Cr. 201 (S.D.N.Y. February 19,
> 2004); from legal standards set forth in
> <u>United States</u> v. <u>Trapilo</u>, 130 F.3d 547, 550
> n.3 (2d Cir. 1997) (Interpreting wire fraud
> statute; "The term 'scheme to defraud' is
> measured by a 'nontechnical standard.  It is
> a reflection of moral uprightness, of
> fundamental honesty, fair play and right
> dealing in the general [and] business life of
> members of society....The scheme exists
> although no misrepresentation of fact is
> made'") (citations omitted); <u>United States</u> v.
> <u>Von Barta</u>, 635 F.2d 999, 1005 & n.12 (2d Cir.
> 1980) (same) ; <u>Gregory</u> v. <u>United States</u>, 253
> F.2d 104, 109 (5th Cir. 1958) (same) <u>United
> States</u> v. <u>Ragosta</u>, 970 F.2d 1085, 1089-90 (2d
> Cir.) (bank fraud statute; "[t]he term
> 'scheme to defraud,'...is not capable of
> precise definition.  Fraud instead is
> measured in a particular case by determining
> whether the scheme demonstrated a departure
> from fundamental honesty, moral uprightness,
> or fair play and candid dealings in the
> general life of the community"; because 18
> U.S.C. § 1344 is written in disjunctive,
> "court's have required proof of
> misrepresentation only when the defendant is
> charged with violating" provision regarding
> "scheme...to obtain...moneys...by means of
> false or fraudulent... representations";
> under provision addressing "schemes to
> defraud," statute "does not require proof of
> a misrepresentation") (citations omitted),
> <u>cert</u>. <u>denied</u>, 506 U.S. 102 (1997); <u>United
> States</u> v. <u>Richman</u>, 944 F.2d 323, 331-32 (7th
> Cir. 1991) (mail fraud; "scheme to defraud"
> established even if no misrepresentation made
> -- it is "immaterial that the [scheme] did
> not progress to the point where [defendant]
> had to make false representations" to victim;
> rejecting defendant's request for instruction
> that "false... representations must have been

9

made"; "'the mail fraud statute proscribes
fraudulent schemes' rather than specific
misrepresentations to the party to be
defrauded") (citations omitted ); McEvoy
Travel Bureau, Inc. v. Heritage Travel, Inc.,
904 F.2d 786, 791 (1st Cir.) ("scope of fraud
under [wire and mail fraud] statutes is
broader than common law fraud"; "no
misrepresentation of fact is required in
order to establish a scheme to defraud"),
cert. denied, 498 U.S. 992 (1990); Terzi
Productions, Inc. v. I.A.T.S.E., AFL-CIO,
1998 WL 190264, *14 (S.D.N.Y., April 20,
1998) (Sotomayor, J.) (noting that Second
Circuit's statements in Trapilo simply
"underscore[] the accepted notion that a
defendant, by his conduct alone, can intend
to deceive another and engage in a scheme to
defraud, even though the defendant's
statements themselves contain no
misrepresentations"); In re: Sumitomo Copper
Litigation, 1998 WL 107977, *2-3 (S.D.N.Y.
March 11, 1998) (Pollack, J.) (Contrary to
defendant's assertion that each of the
elements of common law fraud must be pled to
satisfy the first prong of the mail and wire
fraud statutes, "[t]he term 'scheme to
defraud' is measured by a "'nontechnical
standard'"; acts which violate "'fundamental
notions of honesty, fair play and right
dealing'" are prohibited by the mail and wire
fraud statutes contained in Title 18)
(quoting Trapilo, 130 F.2d at 550 n.3).

Apart from proving a scheme to defraud, as I have just

explained it to you, the Government can satisfy the first element

of the health care fraud statute alternatively by proving the

existence of a scheme or artifice to obtain money or property by

means of false or fraudulent pretenses, representations or

promises.  I have already discussed with you the definition of

the term "scheme or artifice."  Now, "fraudulent" is a general

10

term, that, like the term "fraud" itself, includes all possible means by which a person seeks to gain some unfair advantage over another person by intentional misrepresentation, false suggestion, or concealment of truth.  That unfair advantage must involve money, property, or any other thing of value.

A pretense, representation, statement, or document is fraudulent if it was made falsely and with intent to deceive.  A representation, statement, claim, or document may also be fraudulent if it contains half-truths or if it conceals material facts in a manner which makes what is said or represented deliberately misleading or deceptive.

The deception need not be premised on spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

It is not necessary for the Government to establish that any particular person actually relied on, or actually suffered damages, as a consequence of any fraudulent representation or concealment of facts.  Nor need you find that the defendant profited from the fraud.  It is enough if you find that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be relied on.  You must concentrate on whether there was such a scheme, not

11

on the consequences of the scheme.  Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

In addition, the false or fraudulent representation (or failure to disclose) must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement (or failure to disclose) in making a decision.  This means that if you find a particular statement was false or that it concealed facts that made what was said deliberately misleading, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decisions.

The Government is not required to establish that the defendant originated the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant participated in the scheme.  Nor is it necessary for the Government to establish that the scheme actually succeeded; that is, that the defendant actually realized any gain from the scheme or that the intended victim suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

12

If you find that the Government has sustained its burden of proof that a scheme to defraud or to obtain money or property by false or fraudulent pretenses, representations or promises did exist, you next should consider the second element of the health care fraud statute.

> Adapted from the charge of the Honorable William H. Pauley III in United States v. Lauersen, 98 Cr. 1134 (S.D.N.Y. February 25, 2000); from the charge of the Honorable Shira A. Scheindlin in United States v. Sancho, 95 Cr. 1052 (S.D.N.Y. 1996) (mail/wire fraud); from the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (MBM) (S.D.N.Y. 1989) (mail/wire fraud), aff'd, 917 F.2d 80 (1990); and from Sand et al., Modern Federal Jury Instructions, Instr.44-4 (1999) (element of "scheme or artifice to defraud" under mail and wire fraud statutes); see also United States v. Lauersen et al., 98 Cr. 1134 (WHP), Memorandum & Order, p. 9 & n.1 (August 20, 1999) (operative language of health care fraud statute, 18 U.S.C. § 1347, is based on almost identical language in wire and mail fraud statutes; interpretations and elements are thus similar); United States v. Phillips, 98 Cr. 832 (TPG), Tr. at 1983 (S.D.N.Y. June 9, 1999) (recognizing that health care fraud statute modeled on language in mail fraud statute).
>
> See also United States v. Dinome, 86 F.3d 277, 283 (2d Cir. 1996) (the government need not prove that the scheme successfully defrauded the intended victim. . . However, the government must show 'that some actual harm or injury was contemplated by the schemer'") (quoting United States v. D'Amato, 39 F.3d at 1257); United States v. Weiss, 752 F.2d 777, 784 (2d Cir.) (mail fraud; Government must show that "some harm or injury was contemplated," but need not show actual harm to victim or profit to

13

malefactors), <u>cert</u>. <u>denied</u>, 474 U.S. 944
(1985); <u>United States</u> v. <u>Bronston</u>, 658 F.2d
920, 927 (2d Cir. 1981) (to establish
misrepresentation under mail fraud statute,
"any non-disclosures or affirmative
misrepresentations must have been material";
<u>United States</u> v. <u>Halbert</u>, 640 F.2d 1000, 1009
(9th Cir. 1981) (mail fraud; "[a]
misrepresentation may be material without
inducing any actual reliance.  What is
important is the intent of the person making
the statement that it be in furtherance of
some fraudulent purpose.") (citing <u>United
States</u> v. <u>Regent Office Supply Co.</u>, 421 F.2d
1174, 1182 (2d Cir. 1970)).

<u>REQUEST NO. 7</u>

Count One: Health Care Fraud
<u>Second Element -- Knowing and Willful Participation in Scheme
with Intent to Defraud</u>

The second element that the Government must prove beyond a reasonable doubt is that the defendant devised or participated in the scheme to defraud a health care benefit program or to obtain money or property knowingly, willfully and with specific intent to defraud.

To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with the scheme with the intent to contribute to its success.

Thus, it is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant in question, while aware of the scheme's existence, knowingly participated in it.

It is not required that a defendant participate in or have knowledge of all of the operations of the scheme.  The guilt of the defendant here is not governed by the extent of his participation.

Even if a defendant participated in a scheme to a lesser degree than others, he or she is nevertheless equally guilty so long as that defendant became a member of the fraudulent scheme, with knowledge of the scheme's general scope

15

and purpose.

Moreover, if you find that a fraudulent scheme existed and was put together by others, you would be entitled to find that the defendant had participated in the scheme if he knowingly and intentionally either caused others to engage in, or aided and abetted others in their execution of, the health care fraud scheme charged here. I will define for you what it means to cause others to engage in a federal crime, or to aid and abet such a crime, a little later.

As I noted previously, before the defendant may convicted of the health care fraud charged here, the defendant must also be shown to have acted knowingly and willfully and with a specific intent to defraud.

The terms "willfully," and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in participating in the scheme to defraud or to obtain money or property (if you find that the defendant participated in the scheme), the defendant knew what he was doing -- that he took the actions in question deliberately and voluntarily.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, or carelessness. In addition, a person acts willfully if he acts with knowledge that his conduct is unlawful and with the intent to do something the law forbids, that is to say with bad purpose

16

or to disobey or disregard the law.  A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Thus, an act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Let me now explain what it means to act with "intent to defraud."  A defendant acted with "intent to defraud" if he engaged or participated in a scheme to defraud or to obtain money by false or fraudulent pretenses, representations or promises with some realization of the scheme's fraudulent or deceptive character, and with an intention to be involved in the scheme, and to help it succeed, with a purpose of causing harm to a victim -- here, Medicaid.  Of course, as I instructed before, the Government need not prove that the intended victim was actually harmed; only that such harm was contemplated.  Nor does the Government need to prove that the defendant profited from the scheme to defraud in order to prove that the defendant participated in the scheme.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  Direct proof

17

of knowledge and fraudulent intent is almost never available and is not required.  It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

> Adapted from the charge of the Honorable William H. Pauley III in United States v. Lauersen, 98 Cr. 1134 (S.D.N.Y. 2000); from the charge of Honorable Kimba M. Wood in United States v. Akpan, 04 Cr. 1160 (S.D.N.Y. 2005); from the charge of the Honorable Michael B. Mukasey in United States v. LaFontaine, 98 Cr. 251 (S.D.N.Y. 2000); and from Sand et al., Modern Federal Jury Instructions, Instr. 3A-1, 3A-3, 44-5. See United States v. Zagari, 111 F.3d 307, 327 (2d Cir. 1997) ("the Government is not required to show that the intended victim was actually defrauded"; need "only show that the defendants contemplated some actual harm or injury") (citations omitted); United States v. Amrep Corp., 560 F.2d 539, 543 (2d Cir. 1977) (defendant liable for fraudulent transaction in which he did not directly participate, so long as part of overall scheme) (citations omitted), cert. denied, 434 U.S. 1015 (1978); United States v. Bryser, 954 F.2d 79, 88-89 (2d Cir.) (mail fraud; Government need not establish that defendant participated in all aspects of

scheme), <u>cert</u>. <u>denied</u>, 504 U.S. 972 (1992).

<u>See</u> <u>also</u> <u>Zagari</u>, 111 F.3d at 327 (intent to
defraud need not be proven by direct
evidence, but "'may...be inferred from the
defendant's actions and other circumstantial
evidence'") (citations omitted).

<u>REQUEST NO. 8</u>

Count One: Health Care Fraud
<u>Second Element -- Participation In Scheme With</u>
<u>Intent To Defraud: Entitlement Not A Defense</u>

(If Applicable)

If you determine that the defendant engaged in a scheme to defraud a health care benefit plan, or a scheme to obtain money from such a plan through false or fraudulent pretenses, representations or promises, it is no defense that the defendant was, or believed he was, entitled to the money that was sought through the fraudulent scheme.  To sustain its burden, the Government need only establish that the defendant participated in a deceptive scheme intended to deprive an insurer of the opportunity to determine for itself, based upon all of the real, relevant facts, whether it would pay out on an insurance claim. If the defendant used fraudulent or deceptive means to ensure his receipt of money, it is no defense that he was or believed he was entitled to that money.

If the defendant in question used fraudulent or deceptive means to guarantee his or her receipt of money, it does not matter whether he or she might have been entitled to that money had he or she claimed it through truthful representations

> Adapted from charge given by the Honorable
> William H. Pauley III in <u>United States</u> v.
> <u>Lauersen</u>, 98 Cr. 1134 (S.D.N.Y. February 25,
> 2000), and from the legal principles set
> forth in <u>United States</u> v. <u>Gole</u>, 158 F.3d 166,

20

168 (2d Cir. 1998), <u>cert</u>. <u>denied</u>, 119 S. Ct. 1481 (1999); <u>see</u> <u>also</u> Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 44-35 ("it is no defense that the defendant may have been legally entitled to the money or property if he or she used fraudulent means to insure its receipt").

REQUEST NO. 9

Count One: Health Care Fraud
Second Element --Participation In Scheme
With Intent To Defraud: Good Faith Defense

(If Applicable)

Now, since an essential element of the crime charged in Count One -- health care fraud -- is intent to defraud, it follows that good faith on the part of a defendant is an absolute defense to that charge. The burden of establishing lack of good faith and criminal intent rests upon the Government. A defendant is under no burden to prove his good faith; rather the Government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. Good faith is the honest belief in the truth of the representations made by a defendant, and that is a good defense, however inaccurate the statements may turn out to be.

> Adapted from Sand et al., Modern Federal Jury
> Instructions, Instr. 44-5 (mail and wire
> fraud), from the charge approved in United
> States v. Alkins, 925 F.2d 541 (2d Cir. 1991)
> (specifically approving language set forth in
> above two paragraphs, and rejecting
> defendant's request for more extensive
> definition of "good faith"), and from the

22

legal principles set forth in <u>United States</u> v. <u>Lamont</u>, 565 F.2d 212, 227 (2d Cir. 1977) (no defense if defendant continues making false statements after realizing that they are not true), <u>cert</u>. <u>denied</u>, 435 U.S. 914 (1978).

The charge on good faith is appropriate only where there is sufficient evidence in the record to support the theory. <u>See</u> Sand, Instr. 44-5 Comment, at 44-34 to 44-35; <u>United States</u> v. <u>Smith</u>, 13 F.3d 1421, 1425 (10th Cir. 1994) (trial court correctly refused to charge on good faith where evidence insufficient to support such a defense). Thus, this instruction need be given only if the record evidence -- as opposed to the arguments of counsel -- supports a good faith defense.

23

REQUEST NO. 10

Count One: Health Care Fraud
Third Element -- Scheme Related To
Delivery Of Or Payment For Health Care Benefits

The third element that the Government must prove beyond a reasonable doubt is that the scheme or artifice to defraud was in connection with the delivery of or payment for health care benefits, items or services.  If you find beyond a reasonable doubt that a scheme to defraud existed in this case and that it involved insurance claims regarding prescription drug or other health care benefits provided under the Medicaid program, this element will be satisfied.

> Adapted from the charge of the Honorable William H. Pauley III in United States v. Lauersen, 98 Cr. 1134 (S.D.N.Y. 2000) and from the charge of the Honorable William H. Pauley III in United States v. Koriakov, 03 Cr. 201 (S.D.N.Y. 2004).

REQUEST NO. 11

Count Two: Access Device Fraud
The Statute and the Indictment (18 U.S.C. § 1029(a)(5))

Count Two of the Indictment charges the defendant, Yusuf Abdur Rahman, with effecting transactions with access devices issued to other persons in violation of Title 18 of United States Code, Section 1029(a)(5).

Section 1029(a)(5) provides, in relevant part, that whoever "knowingly and with intent to defraud effects transactions with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or greater than $1,000... shall, if the offense affects interstate or foreign commerce," be guilty of a crime.

Adapted from the charge of the Honorable
William H. Pauley III, United States v.
Goldstein, 01 Cr. 880 (S.D.N.Y. 2003).

25

REQUEST NO. 12

Count Two: Access Device Fraud
The Elements of the Offense

In order to sustain the charge of access device fraud against the defendant, the Government must prove each of the following elements beyond a reasonable doubt:

First: That the New York State Benefit Identification Cards or numbers the government alleges the defendant effected transactions in are what the law calls access devices;

Second: that the defendant effected transactions with one or more access devices issued to another person or persons;

Third: that the defendant effected transactions with one or more access devices during any one-year period, and in doing so obtained anything of value amounting to $1,000 or more;

Fourth: that the defendant acted knowingly, willfully, and with intent to defraud in effecting the transactions; and

Fifth: that interstate or foreign commerce was affected by the defendant's actions.

Adapted from the charge of the Honorable
William H. Pauley III, United States v.
Goldstein, 01 Cr. 880 (S.D.N.Y. March 4,
2003).

26

<u>REQUEST NO. 13</u>

Count Two: Access Device Fraud
<u>First Element -- Existence of Access Device</u>

The first element the Government must prove beyond a reasonable doubt is that one or more New York State Benefit Identification Cards or New York State Benefit Identification card account numbers that the government alleges the defendant effected transactions with are what the law calls access devices.

The law defines an access device to mean: "Any card, plate, code, account number, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds."

Items specifically considered by Congress to fall within this definition include account numbers and other methods of obtaining money, goods, or services.

Congress intended the definition of "access device" to cover any means of identification which may become available as technology advances, when used in connection with accounts, even if the means of identification is not itself an access device.

> Adapted from Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury</u>
> <u>Instructions</u>, Instr. 40-4; from the charge of
> the Honorable William H. Pauley III, <u>United</u>
> <u>States</u> v. <u>Goldstein</u>, 01 Cr. 880 (S.D.N.Y.
> March 4, 2003); and from the charge of the
> Honorable Lawrence M. McKenna, <u>United States</u>
> v. <u>McCallister</u>, 00 Cr. 482-01 (S.D.N.Y. March
> 27, 2001).

27

<u>REQUEST NO. 14</u>

Count Two: Access Device Fraud
<u>Second Element -- Use of Access Devices Issued to Another Person</u>

The second element the Government must prove beyond a reasonable doubt is that the defendant effected transactions with one or more access devices issued to another person or persons.

One way to effect a transaction with an access device is to use an access device.  The term "use" has its common sense meaning.  Thus, if you find that the defendant used an access device to obtain goods, or if you find that goods or money were obtained by means of an unauthorized access device, this portion of the element would be satisfied.

> Adapted from the charge of the Honorable William H. Pauley III, <u>United States</u> v. <u>Goldstein</u>, 01 Cr. 880 (S.D.N.Y. 2003) and from Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 40-9.

28

REQUEST NO. 15

Count Two: Access Device Fraud
Third Element -- Obtained Item of Value

The third element that the Government must prove beyond a reasonable doubt is that the defendant used one or more access devices issued to another persons and, in so doing, obtained anything of value amounting to $1,000 or more during any one year-period.

In connection with this element, the Government must prove that the defendant received at least $1,000 worth of goods, services, or money during a twelve-month period.

In this regard, no one item need be worth $1,000 and no item should be disregarded in determining whether the $1,000 threshold is satisfied merely because the value of a particular item is small.

The $1,000 threshold can be satisfied by any number of small or large transactions with one or more unauthorized access devices provided:

First, that the total value of goods, services, and money adds up to at least $1,000; and

Second, that the $1,000 was obtained during a twelve-month period.  However, you must agree unanimously on which $1,000 worth of goods, services, or money and which twelve-month period the Government has proved beyond a reasonable doubt.

29

Adapted from the charge of the
Honorable William H. Pauley III,
<u>United States</u> v. <u>Goldstein</u>, 01 Cr.
880 (S.D.N.Y. 2003) and from Sand,
<u>et al</u>., <u>Modern Federal Jury
Instructions</u>, Instr. 40-9.

REQUEST NO. 16

Count Two: Access Device Fraud
Fourth Element -- Mens Rea

The fourth element the Government must establish beyond a reasonable doubt is that the defendant acted knowingly and with intent to defraud.  I have previously instructed you on the definition of these terms in connection with Count One.  Those instructions also apply here.  Remember that good faith on the part of the defendant is a complete defense to the charge of access device fraud and that the burden is on the Government to show lack of good faith beyond a reasonable doubt.

> Adapted from the charge of the
> Honorable William H. Pauley III,
> United States v. Goldstein, 01 Cr.
> 880 (S.D.N.Y. 2003) and from Sand,
> et al., Modern Federal Jury
> Instructions, Instr. 40-14.

31

REQUEST NO. 17

Count Two: Access Device Fraud
Fifth Element -- Interstate Commerce

The fifth and final element of the offense charged in Count Two is that the offense affected interstate or foreign commerce.

Affecting interstate or foreign commerce means simply having an effect on the movement of goods or services or other things of value between two or more states or countries.  It is not necessary for the Government to prove that the defendant personally carried or shipped the access devices across state lines or United States borders, nor that anyone else actually did so.  All the Government must prove is that the offense the defendant committed would have affected the movement of goods and services across state or foreign lines.

In using the phrase "affects interstate and foreign commerce," Congress intended to establish a broad jurisdictional basis.  The interstate commerce element is solely used to establish jurisdiction.  You do not need to find that the concept of interstate commerce was in the mind of the defendant if you find that the other elements of the offense have been established beyond a reasonable doubt.

Adapted from the charge of the
Honorable William H. Pauley III,
United States v. Goldstein, 01 Cr.
880 (S.D.N.Y. 2003); and from Sand,

32

et al., Modern Federal Jury
Instructions, Instr. 40-15.

REQUEST NO. 18

Count Three: Obtaining a Controlled Substance By
Misrepresentation, Fraud, Forgery, Deception or Subterfuge
The Statute and the Indictment (21 U.S.C. § 843(a)(3))

Count Three charges the defendant, Yusuf Abdur Rahman, with having obtained medications containing the controlled substances of oxycodone and hydromorphone by misrepresentation, forgery, deception, or subterfuge, in violation of Title 21, United States Code, Section 843(a)(3).

That section provides, "It shall be unlawful for any person knowingly or intentionally . . . to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge[.]"

See 21 U.S.C. § 843(a)(3).

34

REQUEST NO. 19

Count Three:  Obtaining a Controlled Substance By
Misrepresentation, Fraud, Forgery, Deception or Subterfuge
The Elements of the Offense

To find the defendant guilty of obtaining a controlled

substance by misrepresentation, fraud, forgery, deception, or

subterfuge under Count Three, you must find that the Government

has proved, beyond a reasonable doubt, the following elements:

First, that the defendant knowingly or intentionally

acquired or obtained medications containing oxycodone or

hydromorphone;

Second, that the defendant acquired or obtained

medications containing those substances by misrepresentation,

fraud, forgery, deception or subterfuge.

> Adapted from jury instruction in given in
> United States v. Wells, as described in Brief
> of the United States of America, United
> States v. Wells, 1999 WL 34845174 at *45
> (arguing that instruction fairly and
> adequately submitted applicable law to jury
> because it "advised the jury that the United
> States had to prove that Dillion knowingly or
> intentionally acquired or obtained the named
> controlled substance.  And, that he acquired
> or obtained the controlled substance by
> misrepresentation, fraud, forgery, deception
> or subterfuge."), aff'd by 211 F.3d 988, 1002
> (6th Cir. 2000); see also United States v.
> Bass, 490 F.2d 846, 856 (5th Cir. 1974),
> overruled in part on other grounds by United
> States v. Lyons, 731 F.2d 243 (5th Cir.
> 1984); United States v. Wilbur, 58 F.3d 1291,
> 1292 (8th Cir. 1995) (statute requires "a
> material misrepresentation, [or committed]
> fraud, deception, or subterfuge which [was] a
> cause in fact of the acquisition" of covered

drug) (citing <u>Bass</u>, 490 F.2d at 857); Sand,
<u>et al</u>., <u>Modern Federal Jury Instructions</u>,
Instr. 56-3 and Comment to 56-3 at p. 56-7 to
56-8 (describing whether a drug is
'controlled substance' under another section
of Controlled Substances Act as "question of
law").

REQUEST NO. 20

Count Three: Obtaining a Controlled Substance By
Misrepresentation, Fraud, Forgery, Deception or Subterfuge
First Element: Knowing or Intentional Acquisition

The first element that the Government must prove beyond

a reasonable doubt is that the defendant knowingly or

intentionally acquired or obtained medications containing

oxycodone or hydromorphone.

The terms "acquired" and "obtained" have their ordinary

meanings.

To find that the defendant acted intentionally, you must

be satisfied beyond a reasonable doubt that the defendant acted

deliberately and purposefully.  That is, the defendant's acts

must have been the product of the defendant's conscious objective

rather than the product of a mistake or accident.

I have previously instructed you on the definition of

the term "knowingly" in connection with Count One.  That

instruction also applies here.

> Adapted from jury instruction given in United
> States v. Wells, as described in Brief of the
> United States of America, United States v.
> Wells, 1999 WL 34845174 at *45 (arguing that
> instruction fairly and adequately submitted
> applicable law to jury because it "advised
> the jury that the United States had to prove
> that Dillion knowingly or intentionally
> acquired or obtained the named controlled
> substance.  And, that he acquired or obtained
> the controlled substance by
> misrepresentation, fraud, forgery, deception
> or subterfuge."), aff'd by 211 F.3d 988, 1002

37

(6th Cir. 2000); <u>see also</u> <u>United States</u> v.
<u>Bass</u>, 490 F.2d 846, 856 (5th Cir. 1974),
<u>overruled in part on other grounds by</u> <u>United</u>
<u>States</u> v. <u>Lyons</u>, 731 F.2d 243 (5th Cir.
1984); <u>United States</u> v. <u>Wilbur</u>, 58 F.3d 1291,
1292 (8th Cir. 1995) (statute requires "a
material misrepresentation, [or committed]
fraud, deception, or subterfuge which [was] a
cause in fact of the acquisition" of covered
drug) (citing <u>Bass</u>, 490 F.2d at 857); see
also Sand, <u>et al</u>., <u>Modern Federal Jury</u>
<u>Instructions</u>, Instr. 3A-4 (providing jury
instruction regarding "intentionally"); 
<u>United States</u> v. <u>Townsend</u>, 987 F.2d 927 (2d
Cir. 1993) (recommending above definition of
"intentionally").

REQUEST NO. 21

Count Three: Obtaining a Controlled Substance By
Misrepresentation, Fraud, Forgery, Deception or Subterfuge
Second Element: Acquisition By Misrepresentation, Fraud, Forgery,
Deception, or Subterfuge

The second element that the Government must prove

beyond a reasonable doubt is that the defendant acquired or

obtained medications containing oxycodone or hydromorphone by

misrepresentation, fraud, forgery, deception or subterfuge.

This requires that the defendant must have made a

material misrepresentation or committed an act of forgery,

deception, or subterfuge, that caused him to acquire or obtain

oxycodone or hydromorphone.  In order for a misrepresentation to

be material, the fact misstated was one that a reasonable person

or entity might have considered important in making a decision or

acting.  However, proof of actual reliance by a person or entity

on the statement is not required.

> Adapted from United States v. Bass, 490 F.2d
> 846, 856 (5th Cir. 1974), overruled in part
> on other grounds by United States v. Lyons,
> 731 F.2d 243 (5th Cir. 1984) ("We read this
> statute to require a material
> misrepresentation, fraud, deception, or
> subterfuge which is a cause in fact of the
> acquisition of a controlled substance.");
> United States v. Wilbur, 58 F.3d 1291, 1292
> (8th Cir. 1995) (statute requires "a material
> misrepresentation, [or committed] fraud,
> deception, or subterfuge which [was] a cause
> in fact of the acquisition" of covered drug)
> (citing Bass, 490 F.2d at 857); and from the
> charge of the Honorable Michael B. Mukasey in
> United States v. Moskowitz, 97 Cr. 1122
> (defining materiality).

39

<u>REQUEST NO. 22</u>

Count Four: Aggravated Identity Theft
<u>The Statute and the Indictment (18 U.S.C. § 1028A)</u>

Count Four of the Indictment charges the defendant, Yusuf Abdur Rahman, with violating Title 18, United States Code, Section 1028A.  That statute provides, in relevant part that "Whoever, during and in relation to any felony enumerated in subsection C [including health care fraud and access device fraud], knowingly transfers, possesses, or uses without lawful authority, a means of identification of another person" shall be guilty of a crime.

<u>See</u> 18 U.S.C. § 1028A.

40

REQUEST NO. 23
Count Four: Aggravated Identity Theft
The Elements

In order to find the defendant guilty, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant transferred, possessed or used a "means of identification" of another person;

Second, that the defendant transferred, possessed or used a "means of identification" of another person during and in relation to an offense of health care fraud or access device fraud;

Third, that the defendant acting knowingly and without lawful authority.

> Adapted from the charge of the Honorable Loretta A. Preska in United States v. Diakite, 08 Cr. 362 (S.D.N.Y. 2008); from the charge of the Honorable Robert P. Patterson in United States v. Barrie, 07 Cr. 158 (March 2, 2009) and from the charge of the Honorable Miriam Goldman Cederbaum in United States v. Okpomo, 09 Cr. 143 (S.D.N.Y. 2009).

41

REQUEST NO. 24

Count Four: Aggravated Identity Theft
First Element: Transferred, Possessed or Used Means of
Identification of Another Person

The first element that the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person.

The terms "transfer," "possess," and "use," have their ordinary, common sense meanings.  The Government needs to prove only one of these.  You should apply those meanings in considering this element.

Now what does means of identification refer to?   I instruct you that a "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, social security number, date of birth, official State or government issued identification number, or access device.

A "name" means the name of a person;

The term "access device" has the definition that I gave you when I defined that term in connection with the charge of access device fraud.

The "means of identification" transferred possessed or used by the defendant must belong to an actual person other than the defendant.  That actual person may be alive or dead.

42

Adapted from the charge of the Honorable
Loretta A. Preska in <u>United States</u> v.
<u>Diakite</u>, 08 Cr. 362 (S.D.N.Y. 2008); from the
charge of the Honorable Robert P. Patterson
in <u>United States</u> v. <u>Barrie</u>, 07 Cr. 158
(2009); and from Sand, <u>et al</u>., <u>Modern Federal
Jury Instructions</u>, Instr. 39A-49 (defining
means of identification); <u>see also</u> 18 U.S.C.
§ 1028(d)(7)(A), (C), (D) (defining "means of
identification").

REQUEST NO. 25

Count Four: Aggravated Identity Theft
Second Element: Transfer, Possession or Use Was During and In
Relation to Enumerated Offense

The second element that the Government must prove to you
beyond a reasonable doubt is that the defendant transferred,
possessed or used a "means of identification" of another person
during and in relation to an offense of health care fraud or
access device fraud.

"During and in relation to" means that the defendant's
transfer, use or possession of a means of identification of
another person had a role in or facilitated, or had the
potential of facilitating, the commission of a health care fraud
or access device fraud offense.

In this case, the Indictment alleges that the defendant
transferred, possessed or used a means of identification of
another person during and in relation to both the health care
fraud and access device fraud offenses charged in Counts One and
Two of the Indictment.

Therefore, in order to find the defendant guilty of
transferring, possessing, or using a means of identification of
another person during and in relation to health care or access
device fraud, you must find the defendant guilty beyond a
reasonable doubt of the offense charged in Count One, the offense
charged in Count Two, or of both offenses.

44

In addition, you must find beyond a reasonable doubt that the defendant transferred, possessed, or used a means of identification of another person during and in relation to the health care fraud charged in Count One or the access device fraud charged in Count Two.

However, although the Indictment charges that the defendant transferred, possessed or used a means of identification of another person during and in relation to both Counts One and Two, the Government must only prove beyond a reasonable doubt that the defendant transferred, possessed, or used a means of identification of another person during or in relation to one of these counts.

Of course, your determination as to whether the defendant transferred, possessed or used a means of identification of another person during and in relation to the offense charged in Count One or the offense charged in Count Two, or whether the defendant did both, must be unanimous.

> Adapted from the charge of the Honorable
> Loretta A. Preska in United States v.
> Diakite, 08 Cr. 362 (S.D.N.Y. 2008); from the
> charge of the Honorable Robert P. Patterson
> in United States v. Barrie, 07 Cr. 158
> (2009); and from the charge of the Honorable
> Kevin P. Castel in United States v. Brown, 07
> Cr. 109 (2008).

45

REQUEST NO. 26

Count Four: Aggravated Identity Theft
Third Element: Defendant Acted Knowingly and
Without Lawful Authority

The third element the Government must prove beyond a
reasonable doubt in relation to Count Four is that the defendant
acted knowingly and without lawful authority in transferring,
possessing or using the means of identification of another
person.

I have previously instructed you on the definition of
the term "knowingly" in connection with Count One, and those
instructions with respect to the meaning of knowingly apply here.

With regard to the defendant's knowledge, I instruct you
that in order for the Government to satisfy its burden of proof
as to this element, the Government must prove beyond a reasonable
doubt that the defendant knew that the means of identification
transferred, possessed, or used belonged to an actual person.

The requirement that the defendant have acted "without
lawful authority" means that the Government must show beyond a
reasonable doubt that the defendant acted without
authorization from someone who has authority to give such
authorization.  In the case of a means of identification issued
by the Government, "to act without lawful authority" means to act
without the authorization of the governmental entity that issued
the identification.  It is not a defense to this charge that the

46

defendant acted with the authorization of the person in whose name the identification was issued, unless the defendant had the authorization of the governmental identity that issued the identification to make use of it.

> Adapted from the charge of the Honorable Loretta A. Preska in United States v. Diakite, 08 Cr. 362 (S.D.N.Y. 2008); from the charge of the Honorable Miriam Goldman Cederbaum in United States v. Okpomo, 09 Cr. 143 (S.D.N.Y. 2009); and from Sand, et al., Modern Federal Jury Instructions, Instr. 39A-49 (defining "without lawful authority" and also noting Government must show the defendant knew means of identification was that of an actual person"); see also Flores-Figueroa v. United States, __ U.S. __, 129 S. Ct. 1886 (2009); United States v. Tureseo, 566 F.3d 77 (2d Cir. 2009).

REQUEST NO. 27

Aiding And Abetting/Willfully Causing Crimes of
Health Care Fraud, Access Device Fraud, and Aggravated Identity
Theft

Now, in connection with the crimes in Count One, Two,
and Four, the Indictment charges defendant Yusuf Abdur Rahman
with aiding and abetting and willfully causing the substantive
crimes, as well as physically committing the crimes.  The federal
aiding and abetting and willfully causing statute is found at
Section 2 of Title 18 of the United States Code.  Part (a) of
that statute provides:

> Whoever commits an offense against the United
> States or aids, abets, counsels, commands,
> induces or procures its commission, is
> punishable as a principal.

Part (b) of that statute addresses situations where someone
willfully causes a crime.  It provides that:

> Whoever willfully causes and act to be done
> which if directly performed by him or another
> would be an offense against the United
> States, is punishable as a principal.

Where Section 2 of Title 18 of the United States Code
has been charged, as is the case here, it is not necessary for
the Government to show that a particular defendant physically
committed the crime with which he is charged in order for you to
find that defendant guilty.  Thus, in connection with the
substantive counts charged in Count One, Two, and Four, if you do
not find beyond a reasonable doubt that the defendant committed

48

the crime charged, you may, under certain circumstances, still find him guilty of that crime as an aider or abettor, or as someone who willfully caused the commission of that crime.

Now, let me explain to you subsection (a) of this statute -- aider and abettor liability.  A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to

49

act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions.  <u>First</u>, did the defendant participate in the crime charged as something he or she wished to bring about? <u>Second</u>, did the defendant associate himself or herself with the criminal venture knowingly and willfully?  And <u>third</u>, did the defendant seek, by his or her actions, to make the criminal venture succeed?

If the defendant did so, then he is an aider and abettor, and therefore guilty of the offense.  If the defendant did not do so, then he is not an aider and abettor, and is not guilty of that offense.

> Adapted from Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instrs. 11-1 and 11-2 (1999), from the charge given by the Honorable Allen G. Schwartz in <u>United States</u> v. <u>Reinhold</u>, 97 Cr. 686 (S.D.N.Y. 1998) (Tr. 4364-65), and from the charge approved in <u>United States</u> v.

Stanchich, 550 F.2d 1294 (2d Cir. 1977).  See
United States v. Labat, 905 F.2d 18, 23 (2d
Cir. 1990) (discussing requirements of aiding
and abetting liability); United States v.
Clemente, 640 F.2d 1069 (2d Cir. 1981)
(same).

I will now move on to subsection (b) of the statute.
As I mentioned, the defendant you can be held liable under that
subsection for willfully causing the commission of a federal
crime.

Now, what does the term "wilfully caused" mean?  It
does not mean that the defendant himself need to have physically
committed the crime, or supervised or participated in the actual
criminal conduct charged in the Indictment.  The meaning of the
term "willfully caused" can be found in the answers to the
following questions:

First, did the defendant take some action without which
the crime would not have occurred?

Second, did that defendant intend that the crime would
be actually committed by others?

If the answer to both of these questions is "yes," then
the defendant is guilty of the crime charged just as if he had
actually committed the crime in question.  To find the defendant
liable under this provision of the statute, the Government need
not prove that he acted through a guilty intermediary.  That is,
a defendant can be found liable even if he acted through someone
who is entirely innocent of the crime charged in the indictment,

51

or who is unaware of the criminal intent of the defendant in

question.

> Adapted from Sand <u>et al</u>., <u>Modern Federal
> Jury Instructions</u>, Instr. 11-3 (1999), and
> from the legal standards set forth in <u>United
> States</u> v. <u>Concepcion</u>, 983 F.2d 369, 383-84
> (2d Cir. 1992) ("'an individual (with the
> necessary intent) may be held liable if he
> is a cause in fact of the criminal
> violation, even though the result which the
> law condemns is achieved through the actions
> of innocent intermediaries'") (citations
> omitted); <u>United States</u> v. <u>Margiotta</u>, 688
> F.2d 108, 131 (2d Cir. 1982) (defendant may
> be found guilty even if he acts through
> "innocent intermediaries" to "cause[] the
> commission of an indispensable element of
> the offense") and <u>United States</u> v. <u>Ordner</u>,
> 554 F.2d 24, 29 (2d Cir. 1977), <u>cert</u>.
> <u>denied</u>, 434 U.S. 824 (1978) (under the
> "willfully causes an act to be done"
> provision "the guilt or innocence of the
> intermediary is irrelevant").  <u>See also</u>
> <u>United States</u> v. <u>Jordan</u>, 927 F.2d 53, 55 (2d
> Cir. 1991)(jury properly instructed that
> defendant could be found guilty where he
> caused government agent to ferry narcotics
> into the United States).

REQUEST NO. 28

Conscious Avoidance (If applicable)

In connection with all of the substantive crimes, in determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.  If you find beyond a reasonable doubt that the defendant acted with a deliberate disregard of whether the representations or statements were true or false, or with a conscious purpose to avoid learning the truth, then this element may be satisfied.  However, a finding of such deliberate disregard can satisfy only the element of the defendant's knowledge, and cannot not be used to find that a defendant acted with the necessary fraudulent intent.

I want to emphasize that the necessary guilty knowledge cannot be established by showing that a defendant was careless, negligent, foolish or mistaken.  However, one may not willfully and intentionally remain ignorant of a fact that is material and important to one's conduct, in order to escape the consequences of criminal law.  Thus, if you find beyond a reasonable doubt that: (a) the defendant was aware that there was a high probability, under all the facts and circumstances, that the representations or statements you are considering were false or deceptive, and (b) he deliberately and consciously avoided confirming these facts, then you may treat this

53

deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant in question actually believed that the representations or statements to be true.

> Adapted from the charge of the Honorable Shira A. Scheindlin in United States v. Nachamie, S3 98 Cr. 1238 (S.D.N.Y. 2000).
>
> "A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts [sic], but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." United States v. Brito, 907 F.2d 392, 396 (2d Cir. 1990). See United States v. Rodriguez, No. 92-1184, slip op. 861, 866 (2d Cir. Jan. 14, 1993) (clarifying when charge is appropriate: "[T]he charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt."). See also United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir.) (same), cert. denied, 479 U.S. 861 (1986); United States v. Guzman, 754 F.2d 482, 489 (2d Cir. 1985) (same), cert. denied, 474 U.S. 1054 (1986).

REQUEST NO. 29

Venue

In addition to the elements of the offenses I have described, you must also decide whether any act in furtherance of the crimes charged occurred within the Southern District of New York.  As I said before, the Southern District of New York includes Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.  In this regard, the Government need not prove that the crime you are considering was committed in this district or that the defendant was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge that you are considering.

55

Adapted from Sand et al., Modern Federal
Jury Instructions, Instr. 3-11 (1999), and
from the charge of the Honorable Charles S.
Haight, Jr. in United States v. Rogers, 90
Cr. 377 (CSH) (S.D.N.Y. 1991); see also
United States v. Gonzalez, 922 F.2d 1044,
1054-55 (2d Cir. 1991) (affirming that venue
is governed by a preponderance standard).

REQUEST NO. 30

Variance In Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates and amounts.  It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Similarly, if the Indictment charges that certain monetary amounts were involved, and the testimony or exhibits indicate that in fact different amounts were involved, it is sufficient if you find that the amounts involved are substantially similar to the amounts as alleged in the Indictment.

> Adapted from the charges of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991), the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 575 , aff'd mem., 990 F.2d 622 (1993), and the Honorable Richard Owen in United States v. Lofland, 75 Cr. 769 (S.D.N.Y. 1975), aff'd from the bench, (2d Cir. 1976), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-12.

REQUEST NO. 31

Persons Not On Trial

If you conclude that other persons may have been involved in the criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, towards either the Government or the defendant, from the fact that those persons are not in this Indictment or are not present at this trial.  You also should not speculate as to the reasons why individuals other than the defendant are not defendants at this trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from the charge of the Honorable
> John F. Keenan in United States v. Gonzalez,
> 92 Cr. 657 (S.D.N.Y. 1992).

<u>REQUEST NO. 32</u>

<u>Defendant's Right Not To Testify</u>

(If requested by the defense)

The defendant Yusuf Abdur Rahman did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him or her may be drawn by you because he or she did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

REQUEST NO. 33

Defendant's Testimony

(Requested only if defendant testifies)

The defendant, Yusuf Abdur Rahman, elected to testify in this case.  You should examine and evaluate his testimony just as you would the testimony of any witness who has an interest in the outcome of this case.

Adapted from the charge of the Honorable Jed S. Rakoff, United States v. Boyd, 09 Cr. 347 (S.D.N.Y. November 30, 2009).

REQUEST NO. 34

Character Testimony

(If Applicable)

You have heard testimony that the defendant Yusuf Abdur Rahman has a good reputation for honesty and truthfulness in the community where he or she lives and works.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crimes charged in the Indictment.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  See United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit noted that, "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  Id. at 30 (citations omitted).

61

<u>REQUEST NO. 35</u>

<u>Particular Investigative Techniques Not Required</u>

(If Applicable)

[You have heard reference, in the argument of defense counsel, to the fact that certain investigative techniques were not used by the Government.]  There is no legal requirement, [however,] that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable
> Pierre N. Leval in <u>United States</u> v.
> <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992),
> and from the charge of the Honorable John F.
> Keenan in <u>United</u> <u>States</u> v. <u>Medina</u>, 91 Cr.
> 894 (JFK) (S.D.N.Y. 1992).

REQUEST NO. 36

Expert Testimony

(If applicable)

You have heard testimony from what we call expert witnesses.  They are witnesses who by education or experience have acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their testimony or opinions as to relevant matters in which they profess to be expert and give their reasons for their testimony or opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider an expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because the witness is an expert.  Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Sand <u>et al</u>., <u>Modern Federal Jury
Instructions</u>, Instr. 7-21.

REQUEST NO. 37

Similar Acts Evidence

(If applicable)

The Government has offered evidence tending to show that on certain occasions the defendant Yusuf Abdur Rahman engaged in conduct that was similar to the conduct charged in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing any act not alleged in the Indictment.  Accordingly, you may not consider the evidence of a similar act as a substitute for proof that the defendant committed the crime charged.  Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.  The evidence of the similar act has been admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant Yusuf Abdur Rahman committed the acts charged in the Indictment and the similar act as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.  In addition, if you find that the defendant committed the similar act, and you also find that the act has sufficiently similar characteristics to the

65

conduct charged in the Indictment, then you may, but you need not, infer that the conduct charged in the Indictment was also the conduct of the defendant himself or was part of a common scheme or plan committed by the defendant.

Evidence of a similar act may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that simply because the defendant committed the other act he must also have committed the acts charged in the Indictment.  You also may not use this evidence to conclude that the defendant is of a bad character or had a propensity to commit the acts charged.

> Adapted from Sand, et al. Modern Federal Jury Instructions, Instr. 74-7 and 74-8; see also United States v. Smith, 727 F.2d 214, 221 n.16 (2d Cir. 1984); United States v. Birney, 686 F.2d 102, 106-107 (2d Cir. 1982).  See also United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury when admitting similar act evidence pursuant to Rule 404(b).").

REQUEST NO. 38

Uncalled Witness -- Equally Available to Both Sides

(If Applicable)

Both the Government and the defendants have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or a defendant and neither side called him or her, then you may infer that the testimony of the absent witness might have been unfavorable to the Government, to any defendant, or to both.  On the other hand, it is equally within your province to draw no inference at all from the failure of a party to call a witness.

If a witness was equally unavailable to all parties, you should draw no inferences concerning his or her failure to testify or any testimony he or she might have given; in short, you should disregard his or her possible testimony as a factor in the case.

Nothing I have said here should be considered as shifting the burden of proof away from the Government.  The Government has and always retains the burden of proving each defendant guilty beyond a reasonable doubt.

> Adapted from Sand et al., Modern Federal
> Jury Instructions, Instr. 6-7 (1999); see
> United States v. Erb, 543 F.2d 438, 444 (2d
> Cir.), cert. denied, 429 U.S. 981 (1976);
> United States v. Dixon, 536 F.2d 1388, 1394
> (2d Cir. 1976); United States v. Evanchik,
> 413 F.2d 950, 953 (2d Cir. 1969).

67

REQUEST NO. 39

Use Of Evidence Obtained Pursuant To Search

You have heard testimony in this case about evidence that was seized from 435 East 135th Street, located in the Bronx; about evidence that was seized from a car on March 5, 2009; and about evidence that was taken from the defendant, Yusuf Abdur Rahman, on March 30, 2009.  Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of the Honorable
Pierre N. Leval in United States v. Ogando,
90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968
F.2d 146 (2d Cir. 1992), and in United
States v. Mucciante, 91 Cr. 403 (PNL)
(S.D.N.Y. 1992).

68

REQUEST NO. 40

Statement by the Defendant

You have heard testimony that the Defendant made statements to law enforcement personnel.  It is for you to decide in the first instance whether the Defendant made the statement and if so how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement including the circumstances under which the defendant may have made it.

Those circumstances include the voluntariness of the statement.  In determining the voluntariness of any statement you may consider any number of factors.  They include whether the defendant was in custody and for how long; whether the defendant was advised of his constitutional rights against self-incrimination; whether the statement was obtained by the use or threatened use of physical force or any other improper conduct or undue pressure which may have impaired the defendant's physical or mental condition to the extent of undermining his ability to make a choice of whether or not to make a statement.

After hearing all of the  relevant evidence on the circumstances surrounding the giving of the statement it is your

69

determination solely as to how much weight the statement deserves.

   *See* 18 U.S.C. § 3501.[**]

_____

[**]   The Government does not object to an instruction on voluntariness but objects to the proposed language and requests instead the commonly used instruction on voluntariness in Sand, et al. Modern Federal Jury Instructions, 5-19.  This instruction has been approved by the Second Circuit.  See United States v. Yousef, 327 F.3d 56, 62 (2003); United States v. Bloom, 865 F.2d 485, 489, 491-492 (2d Cir. 1989).

REQUEST NO. 40

Stipulations

(If Applicable)

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of a stipulation that contained facts which were agreed to be true.  You must accept the facts in that stipulation as true.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-6, 5-7 (1999).

71

REQUEST NO. 41

Charts and Summaries -- Admitted As Evidence

(If Applicable)

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Sand et al., Modern Federal Jury Instructions, Instr. 5-12.

72

REQUEST NO. 42

Charts and Summaries -- Not Admitted As Evidence

(If Applicable)

During the course of trial there were charts and
summaries shown to you in order to make the other evidence more
meaningful and to aid you in considering that evidence.  They are
not direct, independent evidence; they are summaries of the
evidence.  They are admitted as aids to you.

In understanding the evidence which you have heard, it
is clearly easier and more convenient to utilize summary charts
than to place all of the relevant documents in front of you.  It
is up to you to decide whether those charts fairly and correctly
present the information in the testimony and the documents.  The
charts are not to be considered by you as direct proof of
anything.  They are merely graphic demonstrations of what the
underlying testimony and documents are.

It is for you to decide whether the charts and
summaries correctly present information contained in the
testimony and in the exhibits on which they are based.  To the
extent that the charts conform with what you determine the
underlying evidence to be, you may consider them if you find that
they are of assistance to you in analyzing and understanding the
evidence.

Adapted from the charge of the
Honorable Kevin T. Duffy in United

73

States v. Castellano, SSS 84 Cr. 63, aff'd in part and rev'd in part sub nom. United States v. Gaggi, 811 F.2d 47 (2d Cir. 1987), Tr. at 7019-20, and from Sand et al., Modern Federal Jury Instructions, Instr. 5-13.

REQUEST NO. 43

Sympathy: Oath as Jurors

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendant beyond a reasonable doubt.

It is for you and you alone to decide whether the Government has proven that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt with respect to a particular count you are considering, you should not hesitate to render a verdict of acquittal on that charge for that defendant.  But, on the other hand, if you should find that the Government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

> Sand et al., Modern Federal Jury Instructions,
> Instr. 5-21; see also United States v. Terry,
> 702 F.2d 299, 313 n.16 (2d Cir.) (describing
> as "'standard' and proper" an instruction
> wherein jurors are told not to permit
> themselves to be "governed by sympathy,

75

prejudice, or public opinion"), <u>cert</u>. <u>denied</u>, 461 U.S. 931 (1983); <u>United States</u> v. <u>Ramirez</u>, 482 F.2d 807 (2d Cir. 1973)(upholding charge informing jurors that they should not be swayed by sympathy).

REQUEST NO. 44

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous as to each count.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow

jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973); <u>see also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. at 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1970).

Dated:    New York, New York
          January 2, 2010


                    Respectfully submitted,

                    PREET BHARARA

                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States
                        of America


               By:_/s/_____
                    Rachel P. Kovner
                    Assistant United States Attorney
                    (212) 637-2470