

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA, :

      -against- :     09 Cr. 442 (WHP)

YUSUF ABDUR RAHMAN, :     ORDER
    a/k/a "Jamal Smalls,"
    a/k/a "John Fitzgerald Presley," :

      Defendant. :

------------------------------X

WILLIAM H. PAULEY III, United States District Judge:

      Following a jury trial from January 4 to January 11, 2010, Defendant Yusuf Abdur Rahman ("Rahman") was convicted on four counts as charged in the Indictment: (1) health care fraud, in violation of 18 U.S.C. §§ 1347; (2) access device fraud, in violation of 18 U.S.C. § 1029(a)(5); (3) acquiring and obtaining a controlled substance through misrepresentation, in violation of 21 U.S.C. § 843(a)(3); and (4) aggravated identity theft, in violation of 18 U.S.C. § 1028A. At the close of the Government's case, Rahman moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. He renewed his motion at the close of all evidence and following the jury's verdict. For the following reasons, Defendant's motion is denied.

## DISCUSSION

      Rule 29 permits a court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant challenging a conviction based on insufficient evidence bears a heavy burden." United States v. Aina-Marshall, 336 F.3d 167, 171 (2d Cir. 2003); United States v. Jackson, 335 F.3d 170, 180

(2d Cir. 2003). A jury's verdict must be upheld if, in the light most favorable to the Government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Thus, the Court does not assess witness credibility, resolve inconsistent testimony against the verdict, or otherwise weigh the significance of the evidence. See United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000).

I. Access Device Fraud

    a. Interstate Commerce Provision

Rahman first contends that the Government failed to prove the effect of any of his actions on interstate commerce, as required under 18 U.S.C. § 1029(a)(5). This argument is without merit. The evidence showed that Rahman misused New York State Benefit Identification cards for which the federal government had to reimburse the State. Further, Gail Gordon of the New York State Department of Health testified that prescription drug benefits are funded in part using federal money. The Government also introduced Rahman's March 5, 2009 statement indicating that he has "been going to various doctors in South Carolina, New Jersey, Pennsylvania, and New York . . . impersonating different Medicaid clients." (Transcript at 50.) From these facts, a jury could reasonably infer a nexus to interstate commerce.

    b. Definition of "Access Device"

Rahman's argument that the Medicaid identification numbers and cards do not constitute "access devices" is contrary to a plain reading of the statute and the evidence presented at trial. Section 1029 of Title 18 of the United States Code provides that the "term 'access device' means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, ... or other means of account access that

can be used . . . to obtain money, goods, services, or any other thing of value." The evidence at trial demonstrated that a Medicaid card has an account number which can be used to obtain valuable goods, to wit, prescription drugs and healthcare benefits. Indeed, Rahman used the cards to obtain goods at Astoria Chemists in Queens, New York. Moreover, Congress intended a broad interpretation of the term "access device." In 1994 Congress amended the statute and inserted the phrase "electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier"—words clearly not limited to credit card fraud. See Communications Assistance for Law Enforcement Act, Pub.L. No. 103-414, 108 Stat. 4279 (1994) see also United States v. Dabbs, 134 F.3d 1071, 1080 (11th Cir. 1998).

II. Aggravated Identity Theft

Rahman's final argument is that his conviction for aggravated identity theft under 18 U.S.C. § 1028A(a)(1) cannot stand because he did not commit a predicate felony enumerated in § 1028(A)(c), as required by the statute. Section 1028A provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." Subsection (c)(5) of the statute provides, "the term 'felony violation enumerated in subsection (c)' means any offense that is a felony violation of . . . any provision contained in chapter 63 (relating to mail, bank, and wire fraud)." 18 U.S.C. § 1028A(c)(5). Accordingly, Rahman's motion requires that he first be acquitted of both access device and health care fraud. As previously discussed, there is no legal or evidentiary basis for acquittal on the access device count. Moreover, since he does not challenge his conviction for health care fraud—an offense

enumerated in chapter 63—a sufficient predicate conviction occurred. <u>See also</u> <u>United States v. Silvio</u>, No. 09 Crim. 253 (CG), 2010 WL 77318, at *1 (S.D. Ala. 2010) ("The statute in question includes "any" offenses in chapter 63 which includes health-care fraud.").

## CONCLUSION

For the foregoing reasons, Defendant Yusuf Abdur Rahman's motion for a judgment of acquittal is denied.

Dated: March 18, 2010
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*

Rachel P. Kovner
United States Attorneys Office
One Saint Andrew's Plaza
New York, NY 10007
*Counsel for Government*

Charles Samuel Hochbaum
44 Court Street
Brooklyn, NY 11201
*Counsel for Defendant*